## No. 673
### ERIE RD. CO. v. HERMANN
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5586. Decided March 23, 1925

991. RAILROADS—One who crosses tracks, must see that it is reasonably safe to enter upon them, before he crosses.

VICKERY, J.

In the Cuyahoga Common Pleas, Otto Hermann recovered a judgment for $2000 against the Erie Railroad Co. for damages to a truck owned by him. Error was prosecuted and it was contended that there was no evidence in the record to show negligence on part of the company, and that the evidence shows that Hermann was guilty of contributory negligence.

It seems that Hermann, while driving his truck, could see from 45 to 100 feet down the railroad track. Likewise it was testified that the truck could be stopped within 20 feet. The Court of Appeals held:

1. It is apparent that Hermann did not look when looking would have been effective, or he would have seen that the train was coming towards him, as it was going only at the rate of 15 miles per hour.

2. Under the circumstances, this man driving on to that track without seeing that train is evidence of contributory negligence.

3. One who crosses a railroad track must see that it is reasonably safe at least for him to enter upon it, before he does so.

Judgment reversed.

Attorneys—Cook, McGowan, Foote, Bushnell & Burgess for Company; Quigley & Byrnes for Hermann; all of Cleveland.

---

## No. 674
### SMILL v. WEISS et
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5423. Decided March 12, 1925

480. EVIDENCE — Where question of fraudulent representations is at issue, a more liberal policy as to introduction of evidence becomes desirable and necessary.

PER CURIAM.

Hyman Smill brought an action in the Cuyahoga Common Pleas alleging fraudulent representations on part of Joseph Weiss and others. The judgment in the Common Pleas was in favor of Weiss and on proceedings in error the following question was raised:

"Did the court err in rejecting testimony offered by Smill respecting the sale of the assets of the corporation by the receiver appointed by the court, and the proceedings in the cause?"

It seems that evidence of this nature was presented, first by offering the record of the receivership case which would show that the petition in that case was filed Oct. 25, 1921; and that summons was served the following day on Jacob Weiss as president of the defendant company and that the entire assets of the corporation were sold to Joseph Weiss for $6500. The trial court rejected this evidence so offered. On Aug. 17, 1921, Smill paid $6500 for one third interest in these same assets. The Court of Appeals held:

1. This is a case wherein a fraudulent intent upon part of the defendant is alleged. The subsequent conduct of any of the defendants may be offered as an admission against interest, to the same extent as if there were a declaration made by word of mouth, by any of the defendants and relating to past transactions.

2. One of the representations set forth in Smill's petition as being false was as to the value of the assets and the condition of the company; and though evidence offered is not conclusive upon the question of fraudulent representations, it is clearly competent and admissible.

3. Cases which involve charge of fraudulent representations necessitate a more liberal policy as to the introduction of evidence upon that subject.

4. Subsequent acts or declarations which have any tendency to bear upon the question should be admitted, and from all the facts and circumstances presented the court must make a finding. Judgment reversed and cause remanded.

Attorneys—White, Hammond, Brewer & Curtiss for Smill; Niman, Grossman, Buss & Holliday, Sol Edgert and Ulmer & Berne for Weiss; all of Cleveland.